■ In the Matter of NOVEMBER 1995 GRAND JURY OF THE COUNTY COURT OF HAMILTON COUNTY. DISTRICT ATTORNEY OF HAMILTON COUNTY, Respondent; WILLIAM G., the Public Official Named in the Above-Entitled Report, Appellant. [660 NYS2d 80] —Casey, J. Appeal from an order of the County Court of Hamilton County (Feldstein, J.), entered May 10, 1996, which accepted a report of the November 1995 Hamilton County Grand Jury pursuant to CPL 190.85.

The Grand Jury of the County Court of Hamilton County filed a report dated November 16, 1995 pursuant to the provisions of CPL 190.85 (1) (a). This report recommended respondent's removal from office or disciplinary action against him for nonfeasance or neglect in public office committed on or about August 23, 1994 and a second similar offense occurring prior to October 3, 1994. County Court accepted the report and ordered it sealed pending the determination of this appeal as provided in CPL 190.90.

We have examined the report and find that it complies with the provisions of the CPL in that the subject of the report is a public servant, as defined in Penal Law § 10.00 (15), the finding of misconduct was supported by a preponderance of the credible and legally admissible evidence, and the person named therein had been afforded an opportunity to testify before the Grand Jury (see, CPL 190.85). Furthermore, the District Attorney properly instructed the Grand Jury on the burden of proof and the duties and responsibilities of the public servant involved, a quorum of 16 Grand Jurors considered the report and a sufficient number of Grand Jurors approved the actual content of the report (see, CPL 190.25 [1], [6]).

We find nothing in the record to support respondent's contention that the Grand Jury violated CPL 190.25 (6) by receiving legal advice from a source other than the court or District Attorney. The attorney who is claimed to have supplied such legal advice appeared as a witness and testified only to the legal action she took on behalf of her client, the recipient of Medicaid benefits. She offered no legal advice to the Grand Jury. Furthermore, there is no showing that the provisions of CPL 190.25 (3) were violated by the presence of the District Attorney at improper times. When the District Attorney was called back to the Grand Jury room, the findings of the Grand Jury were reported to him. He was not present when the findings were made.

Accordingly, the order of County Court, accepting and filing the report, is affirmed.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.